ACCEPTED
06-14-00051-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/2/2015 3:13:00 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00051-CR, 06-14-00058-CR, 06-14-00059

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/4/2015 9:48:00 AM
DEBBIE AUTREY
Clerk

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

**STEVEN DEWAYNE PRUITT,**

*Appellant*

**v.**

**THE STATE OF TEXAS,**

*Appellee*

_____

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NO. 1323371, 1323451, 1323452

_____

**APPELLEE'S BRIEF**

_____

Will W. Ramsay
110 Main Street
Sulphur Springs, TX  75482
903.885.0641, f. 903.885.0640
wramsay@hopkinscountytx.com

Attorney for Appellee
State of Texas

ORAL ARGUMENT NOT REQUESTED

**Appellee's Brief**

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Steven Dewayne Pruitt | Martin Braddy |
| | 121 Oak Avenue, Suite A |
| | Sulphur Springs, TX  75482 |
| | 903.885.2040 telephone |
| | 903.885.2704 facsimile |
| | |
| | **Appellant's trial counsel** |
| | Heath Hyde |
| | 214 Connally Street |
| | Sulphur Springs, TX  75482 |
| | 903.439.0000 telephone |
| | |
| **Appellee** | **Appellee's trial & appellate counsel** |
| The State of Texas | Will Ramsay |
| | 8TH Judicial District Attorney |
| | 110 Main Street |
| | Sulphur Springs, TX  75482 |
| | 903.885.0641 telephone |
| | 903.885.0640 facsimile |
| | wramsay@hopkinscountytx.com |

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................ i

Table of Contents .............................................................................................. ii

Index of Authorities........................................................................................... iii

Statement of the Case.........................................................................................2

Issues Presented.................................................................................................3

  SOLE POINT OF ERROR: Appellant's pleas were not made voluntarily.

Statement of Facts ............................................................................................4

Summary of the Argument..................................................................................5

Argument........................................................................................................ 5-8

POINT OF ERROR NO. 1: Appellant's pleas were made voluntarily as there were no improper admonishments under Article 26.13 and the record shows signed plea agreements as proof of voluntariness ...............................................5

Prayer...............................................................................................................8

Certificate of Word Count..................................................................................9

Certificate of Service.........................................................................................9

# INDEX OF AUTHORITIES

**Cases**

These arguments are based upon the Code of Criminal Procedure and the direct evidence contained within the clerk's file and the reporter's record.

**Statutes**

TEX. CODE CRIM. P. art. 26.13……………………………………………… 5, 6

**No. 06-14-00051-CR, 06-14-00058-CR, 06-14-00059**

_____

In the

Sixth Court of Appeals

at Texarkana, Texas

_____

**Steven Dewayne Pruitt,**

*Appellant*

**v.**

**The State of Texas,**

*Appellee*

_____

Appeal from
the 8th District Court of Hopkins County, Texas
Trial Court No. 1323371, 1323451, 1323452

_____

**Appellee's Brief**

_____

## STATEMENT OF THE CASE

Appellee believes that the Appellant has accurately and succinctly given the

*Statement of the Case* in his brief and would adopt his version as follows:

Appellant was indicted in Cause Number 1323451 for Delivery of Marijuana, 5 pounds or less but more than a quarter ounce alleged to have occurred in a drug free zone. Appellant was indicted in Cause Number 1323452 for a second case of Delivery of Marijuana, 5 pounds or less but more than a quarter ounce alleged to have occurred in a drug free zone. Appellant was also indicted in Cause Number 1323371 for Burglary of a Habitation. Appellant pled "guilty" in each case and was sentenced by the trial court without the benefit of a plea agreement with the State of Texas. Although the burglary case was tried on its merits before the trial court prior to Appellant's guilty plea on that case, all three cases were handled together by the court and Appellant was sentenced at the same time in each case.

The trial court sentenced Appellant to two year in the Institutional Division of the Texas Department of Criminal Justice in Cause Number 1323451. In Cause Numbers 1323452 and 1323371, the trial court found that the evidence substantiated Appellant's guilt in each case and deferred a finding of guilt and placed Appellant on probation for ten years and assessed a fine of $1,500.00 in each case. The trial court also entered a Deadly Weapon finding in Cause Number 1323371. The trial court certified Appellant's right to appeal in each case and Appellant timely filed a Notice of Appeal. (Brief for Appellant pgs. 7-8)

# ISSUES PRESENTED

SOLE POINT OF ERROR: Appellant's pleas were not made voluntarily.

## STATEMENT OF FACTS

Counsel for appellant has written a *Statement of Facts* that is approximately 4-5 pages in length. (Brief for Appellant pgs. 8-13) The "facts" of this appeal deal with the procedural tract of the litigation as opposed to the underlying events constituting the crime.  For that reason, Appellee adopts the aforementioned and very detailed *Statement of Facts* set forth in the *Brief for Appellant*.

## SUMMARY OF THE ARGUMENT

SOLE POINT OF ERROR: Appellant's pleas were voluntary as there were no improper admonishments under Article 26.13 and the record shows signed plea agreements as proof of voluntariness.

## ARGUMENT

Appellant complains that the trial court violated Article 26.13 of the Texas Code of Criminal Procedure in that the court improperly admonished the defendant prior to commencing the trial before the court. Appellant's arguments are misplaced for the following reasons.

### A. Regarding the Correct Punishment Range

Appellant complains that he was admonished on the incorrect punishment range at the initial plea hearing (wherein he actually pleaded not guilty). First of all, the "admonishments" complained of at the first hearing were not "admonishments" under Article 26.13 of the Code of Criminal Procedure. Article 26.13 is entitled "Plea of Guilty". *See* Tex. Crim. Proc. Code Ann. Article 26.13 (West). In fact, the very first sentence of that article reads as follows: "Prior to accepting a *plea of guilty or a plea of nolo contendere*, the court shall admonish the defendant of…." *See id.* (emphasis added). This article applies solely to pleas of guilty and *nolo contendere*. What the trial court stated prior to beginning the trial on the merits were not "admonishments" as a defendant would receive during

a plea hearing. The trial court was simply putting on the record the "lay of the land" to make sure that all parties had the same understanding of the posture of the case. Based on Appellant's plea of "not guilty", Article 26.13 was not triggered and no statutory admonishments were necessary at that point.

Notwithstanding the above, prior to the trial starting, the following exchange took place in open court after the conclusion of a bench conference:

> THE COURT: All right. We're going to proceed, then, with this as the intent to commit an assault. And if the State also -- if they can prove that, and if they can further prove there was the use or exhibition of a deadly weapon, that could present a deadly weapon finding, but the punishment range would be 2 to 20, and the deadly weapon finding, if all of that is made, would simply aggravate the parole rules. Is that your understanding, Mr. Ramsay?
> MR. RAMSAY: Yes, Your Honor.
> THE COURT: Mr. Hyde?
> MR. HYDE: Yes, Your Honor.

(R.R. Vol. 3 pg. 12).

Regardless of the fact that the trial court was under no obligation to "admonish" the Defendant, all parties were aware that the indictment alleged a 2nd Degree Felony and the trial would proceed accordingly. So, regardless of the fact that it was unnecessary, the applicable punishment range was put on the record in the presence of the Defendant.

**B.** **Regarding the Deferred Adjudication Discussion and the Voluntariness of the Plea**

Secondly, any issue regarding an incorrect "admonishment" (again, this term is used loosely) as to the eligibility of deferred adjudication was cured by allowing the Defendant to change his plea. After realizing that deferred adjudication was not available from the judge with a plea of "not guilty", the judge allowed the Defendant to withdraw his plea of not guilty and enter a plea of "guilty." In doing so, the Defendant, once again, completed the standard plea papers, which enumerated the many rights he enjoys in every criminal case. He signed the plea papers freely, voluntarily and knowingly waiving each and every one of those rights except for the right to appeal. All of his rights, including the right to a jury trial, were included in the plea papers and he freely, voluntarily, and knowingly waived those rights. *See* (Clerk's Record pgs. 27-32).

Appellant draws the picture of "two options" that were available for the Defendant. No, there were other options available, but the Defendant made it clear that it was his *intent* to plead guilty because that was his hope of getting deferred adjudication. *See* (R.R. Vol. 4 p. 10-11). Under oath, the Defendant stated that he was making the plea "freely and voluntarily," that it was what he wanted to do, and no one else was making him do it. *See id.* at 13-14.

Unfortunately, the result was not what Appellant wanted. But that does not change the fact that the record shows his pleas to be made freely, voluntarily and knowingly.

## PRAYER

WHEREFORE, premises considered, Appellee, State of Texas, respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

By: \_\_//s// Will Ramsay_____
Will Ramsay
8th Judicial District Attorney
State Bar #24039129
110 Main Street
Sulphur Springs, TX 75482
903.885.0641, f. 903.885.0640
willramsay@hopkinscountytx.com

Attorney for Appellee
State of Texas

## CERTIFICATE OF WORD COUNT

Pursuant to Tex. R. App. P. 9.4(i)(3), this document contains **1,502** words.

_/s/ Will Ramsay_
**Will Ramsay**

## CERTIFICATE OF SERVICE

This is to certify that on **February 2, 2015**, I served a true and correct copy of the above and foregoing *Appellant's Brief* by email on Martin Braddy, Attorney for Appellant.

_/s/ Will Ramsay_
**Will Ramsay**